## SUPREME COURT.

### Loomis agt. Dorshimer and Clifton.

The plaintiff is not authorized to reply or demur to an answer which does not contain *new matter* by way of defence. A *demurrer* will not lie to a mere *denial* in an answer. (*This is adverse to Hopkins agt. Everett*, 6 *How. Pr. R.* 159, *and Salinger agt. Lusk*, 7 *id.* 430).

The complaint alleged "that Clifton then and there endorsed the said promissory note, and the same was afterwards, and before the same became due and payable, delivered to the plaintiff," *held*, that such an allegation was insufficient as showing the action to be in "the name of the real party in interest." It is not equivalent to one "*that Clifton endorsed the note to the plaintiff.*"

A *demurrer* to an answer, denying such an allegation on information and belief, may be *stricken out* as unauthorized and irregular.

*Erie Special Term, February* 1853. *Demurrer to answer.* The action is upon a promissory note made by defendant Dorshimer, payable to defendant Clifton or order. The making and endorsing of the note and its delivery to the plaintiff, are alleged in the complaint, and the proper allegations of demand of payment and notice to charge the endorser. It is also further alleged that the plaintiff is now the owner and holder of the said note, and that the money mentioned in the note and the interest are now due and unpaid, &c. The complaint is verified.

The defendants in their answer simply deny that they have any knowledge sufficient to form a belief as to whether the plaintiff was at the time of commencing the action or now is the owner and holder of the note in the complaint mentioned.

The plaintiff demurred to the answer on the ground that it does not state facts sufficient to constitute a defence. 2d. That the facts denied by the answer are immaterial. 3d. The answer admits facts sufficient to entitle the plaintiff to the judgment demanded.

J. T. Hudson, *for Plaintiff*, cited Hopkins agt. Everett (6 *How. Pr. R.* 159), Anabal agt. Hunter (*id.* 255).

H. S. Cutting, *for Defendant*, cited *Code*, § 149; Gen. Mut. Insur. Co. agt. Moynihen, (5 *How. Pr. R.* 321); Suydam agt. White (6 *id.* 321); Temple agt. Murray (*id.* 329).

MARVIN, Justice.—This demurrer to an answer containing a
*denial* only, has been interposed upon the authority of Hopkins
agt. Everett (6 *How. Pr. R.* 159), where Justice BARCULO held
that a demurrer will lie against a *denial* in an answer as well
as to new matter.    He held that the word *same* in section 153,
refers to the word *answer*, and not to *new matter*.    I have been
unable to agree with the learned justice in this construction of
§ 153.    This section is in the chapter relating to " the reply,"
and it provides that when the answer contains *new matter*, &c.
the plaintiff may reply to such new matter denying, &c.; and he
may allege new matter not inconsistent, &c., constituting a de-
fence to such new matter in the answer; or he may demur to the
*same* for insufficiency, &c., and he may demur to one or more of
several defences and set off set up in the answer, and reply to the
residue.    The word *same*, as here used, relates to the kind of
answer previously mentioned in the section, viz: "answer con-
taining new matter."    It seems to me that this is the obvious
construction, and that the plaintiff was not permitted to reply or
demur unless the answer contained new matter by way of de-
fence, &c.    This section was amended in 1852, but not so as to
affect the present question.    The province of a demurrer is to
admit the affirmative allegations well pleaded.    The answer may
contain a denial of any material allegation in the complaint,
controverted by the defendant (§ 149).    All material allegations
of the complaint not denied are for the purposes of the action
taken as true (*Code*, § 168).

If a demurrer, answer or reply be frivolous, the party prejudiced
thereby, upon a previous notice of five days, may apply to a judge
of the court either in or out of court for judgment thereon, and
judgment may be given accordingly (§ 247).    The remedy is
pointed out in this section when the matter, unanswered in the
complaint, is sufficient to sustain the action; in other words, when
the matter denied is not material, and the denial forms only an
immaterial issue (see 5 *How. Pr. R.* 321).    If the allegations
of a pleading are so indefinite or uncertain that the precise na-
ture of the charge or defence is not apparent, the court may
require the pleading to be made definite and certain (§ 160).

In the present case, the plaintiff, if he deemed the answer fri-

Loomis agt. Dorshimer and Clifton.

volous, should have applied for judgment pursuant to § 247, and perhaps the answer might have been stricken out under § 152.

This demurrer is not authorized by the Code.    What judgment can be given upon it, and what effect will a judgment upon it have?    After the decision of a demurrer the court may allow the party to plead over upon such terms as may be just (§ 172). Issues are of two kinds; of law and of fact (§ 248).    An issue of law must be tried by the court unless referred (§ 252); and judgment is to be entered thereon (§ 278), unless the party is permitted to plead over (§ 172).

In the present case the demurrer is not well pleaded, but what judgment shall be given?    The defendant should have moved to strike it out as unauthorized and therefore irregular, and I shall direct it to be stricken out.    I express no opinion upon the sufficiency of the complaint, supposing the matter denied, viz: the owning and holding of the note by the plaintiff at the commencement of the suit, to be stricken out.    It is alleged in the complaint that Clifton then and there endorsed the said promissory note; and the same was afterwards, and before the same became due and payable, delivered to the plaintiff.    If it had been alleged that Clifton *endorsed the note to the plaintiff*, or endorsed and delivered the note to the plaintiff, I think there would have been no doubt about the complaint's showing the action to be in " the name of the real party in interest," and the allegation of ownership and holding might have been treated as surplussage.    The demurrer is set aside.